# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON BOWRING, | Case No. CV11-4126 GAF (AJWx) |
| Plaintiff, | Assigned to Honorable Gary A. Feess<br>Department 740 |
| v. | **PROTECTIVE ORDER** |
| ZURICH AMERICAN INSURANCE COMPANY, a corporation; ZNA SERVICES LLC, a corporation; and DOES 1-10, inclusive, | Complaint Filed: April 11, 2011 |
| Defendants, | |

1. **Purpose.** This Protective Order shall govern (a) Plaintiff's confidential financial and medical information, (b) documents that contain confidential information protected by a statutory or constitutional right to privacy; and (c) documents that may contain commercially sensitive information that, if disclosed, would cause Defendants competitive injury. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. This

Protective Order does not create any entitlement for the parties to file confidential information under seal. The appropriate local rules set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file materials under seal.

2. **Definition of Confidential Information.** For purposes of this Protective Order, "Confidential Information" includes, but is not limited to all documents, testimony, and information that reflect (a) Plaintiff's financial and medical information, (b) information protected by a statutory or constitutional right to privacy; and (c) commercially sensitive information that, if disclosed, would cause Defendants competitive injury. The protections conferred by this Protective Order extend to any documents containing Confidential Information, as well as all copies, excerpts, summaries or compilations thereof, as well as testimony, conversations, or presentations by counsel that might reveal Confidential Information. Nothing in this Protective Order shall be deemed to restrict in any way any party's use of its own documents or information, or any party's attorneys with respect to that party's own documents or information.

3. **Definition of Highly Confidential Information–Attorneys' Eyes Only.** For purposes of this Protective Order, "Highly Confidential Information–Attorney's Eyes Only" is Confidential Information of a particularly sensitive nature that includes Plaintiff's medical information, the disclosure of which is limited as stated in Paragraph 6 of this Protective Order.

4. **Usage of Confidential Information.** The Parties and their attorneys shall be permitted to use or disclose Confidential Information only for purposes of prosecuting or defending this action including any appeals of this case.

5. **Disclosure of Confidential Information.** A non-producing party ("Receiving Party") shall not, without the consent of the producing party ("Designating Party"), disclose Confidential Information to persons other than the

2
[PROPOSED] PROTECTIVE ORDER

following and, as to such persons, disclosure shall be limited to the extent reasonably necessary for the prosecution and/or defense of this action:

    (a) Counsel of record in this action, as well as associates, contract attorneys, paralegals, and necessary support personnel of counsel;

    (b) The Receiving Party and employees of the Receiving Party whose review of such information is required for the prosecuting or defending of this action;

    (c) Any experts engaged for the purpose of this action and their support personnel;

    (d) The individual who authored, prepared, or received the information;

    (e) Non-party deponents or witnesses as reasonably necessary for the prosecution or defense of this action;

    (f) Certified court reporters, stenographers, and videographers; and

    (g) The Court and its personnel.

No person permitted access to Confidential Information by this Order shall disclose the same, in whole or in part, to any person who has not been permitted access to such information pursuant to, and who has not signed, this order.

    6. **Disclosure of Highly Confidential Information—Attorneys' Eyes Only.** A Receiving Party shall not, without the consent of the Designating Party, disclose Highly Confidential Information—Attorneys' Eyes Only to persons other than the following and, as to such persons, disclosure shall be limited to the extent reasonably necessary for the prosecution and/or defense of this action:

    (a) Counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary for the prosecuting or defending of this action;

    (b) Receiving Party's in-house counsel and any paralegals and support staff supervised by in-house counsel, whose review of such information is required for the prosecuting or defending of this action;

1    (c)  Any experts engaged for the purpose of this action and their support
2         personnel;
3    (d)  The individual who authored, prepared, or received the information;
4    (e)  Certified court reporters, stenographers, and videographers; and
5    (f)  The Court and its personnel.

No person permitted access to Highly Confidential Information—Attorneys' Eyes Only by this Order shall disclose the same, in whole or in part, to any person who has not been permitted access to such information pursuant to, and who has not signed, this order.

7. **Agreement To Be Bound By Protective Order.** Before obtaining access to any Confidential Information covered by this Protective Order, any qualified person who is permitted to have access to such information must signify assent to the terms of this Protective Order by executing the acknowledgement attached as Exhibit A, indicating that they have read and understood this Protective Order and agree to be bound by its terms. Outside counsel, in-house counsel, any retained experts or consultants, and third-party vendors may sign on behalf of their support staff. A representative from a law firm or corporate entity may sign on behalf of their employees.

Executed copies of Exhibit A by retained testifying experts need not be exchanged with the other party until that expert provides his/her expert report. Executed copies of Exhibit A by any consultants or non-testifying experts will not be exchanged at all unless the Court issues an order requiring their exchange in the unlikely event that (1) Confidential Information or Highly Confidential Information has been disclosed to a person not authorized to possess that information under this Protective Order and (2) executed copies of Exhibit A by a party's consultant or non-testifying expert becomes necessary to identify the source of the disclosure.

8. **Marking of Confidential Information.** A designating party producing documents containing Confidential Information may designate it such by typing or stamping on each page so designated the words "Confidential" or "Confidential Subject to Protective Order." Highly Confidential Information—Attorney's Eyes Only shall be designated by typing or stamping on each page so designated the words "Highly Confidential Information—Attorneys' Eyes Only." If the Confidential Information is obtained through a third party, including by way of a subpoena, if it is produced by the opposing party, or if a party through inadvertence produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Designating Party may give written notice to the Receiving Party that the documents produced are deemed Confidential Information or Highly Confidential Information—Attorneys' Eyes Only and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. If it comes to a party's attention that information or items that it designated for protection do not qualify for protection at all, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

9. **Deposition Testimony.** Where testimony at a deposition involves disclosure of Confidential Information, such deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Protective Order. Deposition testimony dealing with Confidential Information may be designated "Confidential" by so advising the court reporter. The court reporter shall mark the cover page of such transcript accordingly. Only those portions of the transcript of the deposition designated "Confidential" shall be so treated. For convenience, if a deposition transcript contains repeated references to Confidential Information that cannot be conveniently segregated from non-

5
[PROPOSED] PROTECTIVE ORDER

confidential information, any party may request that the entire transcript be designated Confidential. Deposition transcript portions marked Confidential may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the portions of the transcript containing Confidential Information unless he or she agrees to be bound by this Protective Order by signing a copy of Exhibit A. If such designation is not made at the time of the deposition, any transcript containing Confidential Information shall be designated as containing such information by no later than fourteen (14) days after the date of the Designating Party's counsel's receipt of the deposition transcript, which designation shall be in writing served on all parties.

10. **Unauthorized Disclosure of Confidential Information.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

11. **Right to Assert Other Objections.** This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing discovery materials. Similarly, no party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12. **Filing Confidential Information.** A Party that seeks to file any document containing Confidential Information with the Court will file an Application and Order to Seal the Confidential Information in compliance with

6
[PROPOSED] PROTECTIVE ORDER

Local Rule 79-5.1.  Any Court hearing which refers to or describes Confidential Information shall in the Court's discretion be held in camera.

13. **Challenging Confidentiality Designations.** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by attempting in good faith to confer directly with counsel for the Designating Party. In conferring, each Party has a duty to explain in good faith the basis for its belief that the confidentiality designation was proper or not proper, as applicable, and the Designating Party must be given an opportunity to review the designated material and reconsider its position. A party that elects to press a  challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under civil Local Rule 37 (and in compliance with Civil Local Rule 37-1, if applicable). The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to deem the information as subject to this Protective Order.

14. **Final Disposition.** This Order survives the conclusion, whether by settlement, order, or judgment, of this litigation. Within 45 days after the conclusion of the litigation including appeals, the Parties, their attorneys, and any person or entity in possession of Confidential Information shall return the Confidential Information to the Designating Party or destroy any and all copies of Confidential Information in their possession, custody, or control.  However, the attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, hearing and deposition transcripts, trial exhibits, legal memoranda,

correspondence, work product, and attorney-client communications that include or are derived from Confidential Information.

15. **Right to Further Relief.** Nothing in this Order shall preclude a Party from seeking modification of this Order.

IT IS SO ORDERED.

DATED:__7/28/11_____  _____
Honorable Andrew J. Wistrich
United States Magistrate Judge

Exhibit A

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____, declare under penalty of perjury under the laws of the United States of America and the State of California that I have read and agree to comply with and be bound by the terms of the Protective Order entered in *Alison Bowring v. Zurich American Insurance Company, et al.*, United States District Court for the Central District of California, Case No. CV11-4126 GAF (AJWx). I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date: _____

_____
Signature

_____
Print Name

_____
Title